## Jennings et al. v. Lackawanna Township et al.

*Murphy, Murphy & Swoyer*, for plaintiffs.
*James J. Powell, Jr.*, for defendants.

EAGEN, J., March 4, 1949.—The Commissioners of Lackawanna Township in this county, as well as the directors of the school district of the same municipality, at separate and proper sessions duly enacted an ordinance and a resolution respectively, providing for the imposition, levy and collection of a so-called "Wage Tax".

Subsequently, both governing bodies met in joint session and by motion appointed James P. McHugh, to serve as "Deputy Wage Tax Collector" and fixed his salary at $200 monthly. This action was not advertised.

This action in equity seeks to restrain McHugh from proceeding with carrying out these duties and the municipal governing bodies from paying him any salary therefor. We are here concerned with a rule to show cause why a preliminary injunction should not issue.

It is urged that under the First Class Township Law of June 24, 1931, P. L. 1206, sec. 805, 53 PS §19092-805, the township treasurer is the sole and exclusive collector of local taxes.

This was true prior to the passage of the Stonier-Brunner Act of June 25, 1947, P. L. 1145. Section 4 thereof provides (53 PS §2015.4) :

"Any such political subdivision is hereby authorized to provide by ordinance or resolution for the creation of such bureaus or the appointment and compensation of such officers, clerks, collectors and other assistants and employes, either under existing departments, or otherwise as may be deemed necessary, for the assessment and collection of taxes imposed under authority of this act."

The wage tax was authorized by this law and under the statute a municipality is definitely given the right to set up its own system for the collection of this tax.

That the legislature may delegate the power to tax as well as provide the manner and system for the collection of taxes has already been so stated by this court: Bloom et al. v. City of Scranton et al., 64 D. & C. 358. Any infringement upon the powers and duties of the township treasurer in the collection of taxes has been brought about by the above legislation, and not by action on the part of any of defendants herein. The wisdom of the legislature is not for us to pass upon.

However, there is a legal reason why this requested injunction must issue.

The ordinance of the township imposed the duty of collecting the tax upon "The Township Treasurer and ex-officio Tax Collector". Section 5 thereof provides as follows:

"Duties of Township Treasurer and ex-officio Tax Collector. It shall be the duty of the Township Treasurer and ex-officio Tax Collector to collect and receive the tax imposed by this ordinance. It shall also be the duty of the Township Treasurer and ex-officio Tax Collector in addition to keeping the records now required by law or ordinance to keep a record showing the amount received by him from each taxpayer and the date of such receipt."

The resolution of the school district imposed the responsibility of collection upon "The Tax Collector". Section 5 thereof provides as follows:

"Duties of Tax Collector. It shall be the duty of the Tax Collector to collect and receive the tax imposed by this resolution. It shall also be the duty of the Tax Collector in addition to keeping the records now required by law or resolution to keep a record showing the amount received by him from each taxpayer and the date of such receipt."

The ordinance clearly states the township treasurer shall collect this tax. Since under the township law the

treasurer is the tax collector as well, the resolution undoubtedly had the same intention.

The Stonier-Brunner Act above must be strictly construed. The power to provide the system of collection was left to the discretion of the municipal bodies. They have the power to name the person whom they wish to collect this tax, and also the right to fix the collector's compensation. If deemed advisable, a separate bureau with adequate help may be established. However, this must be accomplished by an ordinance or a resolution. A motion is not sufficient.

In this case, the treasurer was specifically named as the wage tax collector. If someone else is to be named an amendment to the ordinance or resolution is necessary. If the treasurer deems assistants or clerks necessary, they are his deputies and necessarily must be paid from his commissions. Their salary is his responsibility. If the assistants so named are to receive their salary from money other than the treasurer's legally due commissions, an ordinance or resolution to this effect is necessary. The action of the governing bodies of this township that an assistant to the treasurer be paid in the manner described, was in our opinion clearly ultra vires and must, therefore, be enjoined.

Our order is not intended to nor does it affect in any way the validity or the collection of the wage tax involved. The governing bodies have the right and responsibility to see that this tax is collected by the person specified in the laws passed. McHugh may do this work as his assistant, but as far as payment for services is concerned, that is the treasurer's responsibility under the present existing laws of the township.

Therefore, March 4, 1949, defendants, Lackawanna Township and the School District of Lackawanna Township are enjoined preliminarily and until final hearing from paying James P. McHugh any salary for services rendered as "Deputy Wage Tax Collector" from funds of the township or school district.

This is without prejudice to these bodies to amend the existing laws of the township by appropriate and lawful action.